GMP:NDB/MCV
F. #2016R00603/NY-NYE-759

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JAN 1 7 2020  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DANIEL E. RUSSO,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **CR 20   0023**

(T. 21, U.S.C., §§ 841(a)(1),
  841(b)(1)(C), 843(a)(1), 843(d)(1),
  846, 853(a) and 853(p); T. 26, U.S.C.,
  § 7206(1); T. 18, U.S.C., §§ 2 and 3551
  et seq.)

IRIZARRY, CH.J.

ORENSTEIN, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.      The defendant DANIEL E. RUSSO was a resident of Woodmere, New

York and Cedarhurst, New York.

2.      RUSSO was a pharmacist licensed in the State of New York and the

sole owner of Russo's Pharmacy Inc. ("Russo's Pharmacy"), a drug store located in Far

Rockaway, New York.   RUSSO was the supervising pharmacist of Russo's Pharmacy, and

controlled its financial and business operations.

The Controlled Substances Act

3.      The Controlled Substances Act ("CSA") governed the manufacture,

distribution and dispensation of controlled substances in the United States.   The term

"controlled substances" meant a drug or other substance, or immediate precursor, included in

Schedule I, II, III, IV and V, as designated by Title 21, United States Code, Section 802(6)

and the Code of Federal Regulations.   With limited exceptions for medical professionals, the CSA made it "unlawful for any person knowingly or intentionally" to "distribute or dispense a controlled substance" or conspire to do so.

      4.    Medical professionals, including doctors and pharmacists, who distributed or dispensed controlled substances in the course of professional practice were required to register with the Attorney General of the United States ("Attorney General") before doing so.   Such registrants were assigned a registration number by the Drug Enforcement Administration ("DEA").

      5.    Pursuant to Title 21, United States Code, Section 822(b), registrants were authorized under the CSA to distribute or dispense Schedule II, III, IV and V controlled substances, as long as they complied with the requirements of their registrations and were otherwise in conformity with Title 21, United States Code, Chapter 13, Subchapter I.

      6.    For pharmacists filling prescriptions for controlled substances in the course of their legitimate business, compliance with the terms of registration included only filling prescriptions "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice," pursuant to Title 21, Code of Federal Regulations, Section 1306.04(a).   Pharmacists were prohibited from filling prescriptions for controlled substances unless such orders complied with Title 21, United States Code, Section 828, and Title 21, Code of Federal Regulations, Section 1305.

      7.    RUSSO, as the supervising pharmacist and owner of Russo's Pharmacy, registered Russo's Pharmacy with the Attorney General and was assigned DEA registration number FR2432653.   On multiple occasions from approximately March 2011 through June 2014, RUSSO filled prescriptions for controlled substances in the absence of

orders that complied with Title 21, United States Code, Section 828, and Title 21, Code of Federal Regulations, Section 1305.

## The Tax Laws

8.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States, including the ascertainment, computation, assessment and collection of taxes, including individual income taxes.

9.      Form 1040, U.S. Individual Income Tax Return ("Form 1040"), was a tax return filed with the IRS in the name of a taxpayer that reported, among other things, the taxpayer's income, deductions and credits, and the amount of tax owed or tax refund claimed.

10.      Schedule E, Supplemental Income and Loss ("Schedule E"), was an IRS form that taxpayers attached to Form 1040, when applicable, to report, among other things, income or losses from business entities electing to be treated as a Subchapter S corporation under the federal internal revenue laws, pursuant to which S corporations passed corporate income, losses, deductions and credits through to their shareholders for federal tax purposes.

11.      Form 1120S, U.S. Income Tax Return for an S Corporation ("Form 1120S"), was an IRS form that entities classified as Subchapter S corporations for federal income tax purposes used to report income, including gross receipts and sales, deductions and ordinary business income or losses.

12.      Russo's Pharmacy elected to be treated as a Subchapter S corporation under the federal internal revenue laws.

13.     RUSSO signed Forms 1120S for Russo's Pharmacy in the Eastern District of New York, and caused them to be filed with the IRS for the years 2013 through 2016.   The Forms 1120S filed by RUSSO under-reported gross receipts or sales and ordinary business income of Russo's Pharmacy in that they omitted substantial additional cash gross receipts, including cash receipts from illegal sales of oxycodone.

<u>COUNT ONE</u>
(Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone)

14.     The allegations contained in paragraphs one through seven of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

15.     In or about and between March 2011 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DANIEL E. RUSSO, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing oxycodone, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United States Code, Sections 3551 <u>et seq.</u>)

<u>COUNT TWO</u>
(Distribution and Possession with Intent to Distribute Oxycodone)

16.     The allegations contained in paragraphs one through seven of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

17.     In or about and between March 2011 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DANIEL E. RUSSO, together with others, did knowingly and intentionally distribute and possess with

intent to distribute a controlled substance, which offense involved a substance containing oxycodone, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT THREE
(Distribution of Oxycodone by Pharmacist Without Legitimate Prescription)

18.     The allegations contained in paragraphs one through seven of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

19.     In or about and between March 2011 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DANIEL E. RUSSO, together with others, being a registrant under Title 21, United States Code, Chapter 13, Subchapter I, did knowingly and intentionally distribute a controlled substance, which offense involved a substance containing oxycodone, a Schedule II controlled substance, in the course of his legitimate business, other than pursuant to an order and order form, as required under Title 21, United States Code, Section 828, and Title 21, Code of Federal Regulations, Section 1305.

(Title 21, United States Code, Sections 843(a)(1) and 843(d)(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOUR
(Subscribing to a False Tax Return)

20.     The allegations contained in paragraphs one, two and eight through 13 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

21.     On or about October 2, 2013, within the Eastern District of New York and elsewhere, the defendant DANIEL E. RUSSO did willfully make and subscribe and did

willfully aid, abet, assist and cause to be so made and subscribed a U.S. Individual Income Tax Return, Form 1040, for the tax year 2012, which was verified by a written declaration that it was made under penalty of perjury and was filed with the IRS, which tax return RUSSO did not believe to be true and correct as to one or more material matters, in that the return reported income from an S Corporation on line 28, box A(j) of the attached Schedule E in the amount of $397,705 as to Russo's Pharmacy, and total income on line 22 of the Form 1040 in the amount of $546,873, whereas, as RUSSO then and there well knew and believed, he received income from Russo's Pharmacy and total income substantially greater than the reported amounts.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIVE
(Subscribing to a False Tax Return)

22.     The allegations contained in paragraphs one, two and eight through 13 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

23.     On or about March 16, 2014, within the Eastern District of New York and elsewhere, the defendant DANIEL E. RUSSO did willfully make and subscribe and did willfully aid, abet, assist and cause to be so made and subscribed a U.S. Income Tax Return for an S Corporation, Form 1120S, for Russo's Pharmacy for the tax year 2013, which was verified by a written declaration that it was made under penalty of perjury and was filed with the IRS, which tax return RUSSO did not believe to be true and correct as to one or more material matters, in that the return reported gross receipts and sales on line 1a in the amount of $3,880,075 and ordinary business income on line 21 in the amount of $430,176, whereas,

as RUSSO then and there well knew and believed, Russo's Pharmacy received gross receipts and ordinary business income substantially greater than the reported amounts.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(Subscribing to a False Tax Return)

24.     The allegations contained in paragraphs one, two and eight through 13 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

25.     On or about October 13, 2014, within the Eastern District of New York and elsewhere, the defendant DANIEL E. RUSSO did willfully make and subscribe and did willfully aid, abet, assist and cause to be so made and subscribed a U.S. Individual Income Tax Return, Form 1040, for the tax year 2013, which was verified by a written declaration that it was made under penalty of perjury and was filed with the IRS, which tax return RUSSO did not believe to be true and correct as to one or more material matters, in that the return reported income from an S Corporation on line 28, box A(j) of the attached Schedule E in the amount of $430,176 as to Russo's Pharmacy and total income on line 22 of the Form 1040 in the amount of $602,447, whereas, as RUSSO then and there well knew and believed, he received income from Russo's Pharmacy and total income substantially greater than the reported amounts.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVEN
(Subscribing to a False Tax Return)

26.     The allegations contained in paragraphs one, two and eight through 13

of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

27.     On or about March 15, 2015, within the Eastern District of New York

and elsewhere, the defendant DANIEL E. RUSSO did willfully make and subscribe and did

willfully aid, abet, assist and cause to be so made and subscribed a U.S. Income Tax Return

for an S Corporation, Form 1120S, for Russo's Pharmacy for the tax year 2014, which was

verified by a written declaration that it was made under penalty of perjury and was filed with

the IRS, which tax return RUSSO did not believe to be true and correct as to one or more

material matters, in that the return reported gross receipts and sales on line 1a in the amount

of $5,190,788 and ordinary business income on line 21 in the amount of $583,949, whereas,

as RUSSO then and there well knew and believed, Russo's Pharmacy received gross receipts

and ordinary business income substantially greater than the reported amounts.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code,

Sections 2 and 3551 et seq.)

## COUNT EIGHT
(Subscribing to a False Tax Return)

28.     The allegations contained in paragraphs one, two and eight through 13

of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

29.     On or about October 8, 2015, within the Eastern District of New York

and elsewhere, the defendant DANIEL E. RUSSO did willfully make and subscribe and did

willfully aid, abet, assist and cause to be so made and subscribed a U.S. Individual Income

Tax Return, Form 1040, for the tax year 2014, which was verified by a written declaration

that it was made under penalty of perjury and was filed with the IRS, which tax return RUSSO did not believe to be true and correct as to one or more material matters, in that the return reported income from an S Corporation on line 28, box A(j) of the attached Schedule E in the amount of $583,949 as to Russo's Pharmacy and total income on line 22 of the Form 1040 in the amount of $737,587, whereas, as RUSSO then and there well knew and believed, he received income from Russo's Pharmacy and total income substantially greater than the reported amounts.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINE
(Subscribing to a False Tax Return)

30.     The allegations contained in paragraphs one, two and eight through 13 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

31.     On or about March 14, 2016, within the Eastern District of New York and elsewhere, the defendant DANIEL E. RUSSO did willfully make and subscribe and did willfully aid, abet, assist and cause to be so made and subscribed a U.S. Income Tax Return for an S Corporation, Form 1120S, for Russo's Pharmacy for the tax year 2015, which was verified by a written declaration that it was made under penalty of perjury and was filed with the IRS, which tax return RUSSO did not believe to be true and correct as to one or more material matters, in that the return reported gross receipts and sales on line 1a in the amount of $6,239,364 and ordinary business income on line 21 in the amount of $925,566,

whereas, as RUSSO then and there well knew and believed, Russo's Pharmacy received gross receipts and ordinary business income substantially greater than the reported amounts.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TEN
### (Subscribing to a False Tax Return)

32.     The allegations contained in paragraphs one, two and eight through 13 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

33.     On or about October 9, 2016, within the Eastern District of New York and elsewhere, the defendant DANIEL E. RUSSO did willfully make and subscribe and did willfully aid, abet, assist and cause to be so made and subscribed a U.S. Individual Income Tax Return, Form 1040, for the tax year 2015, which was verified by a written declaration that it was made under penalty of perjury and was filed with the IRS, which tax return RUSSO did not believe to be true and correct as to one or more material matters, in that the return reported income from an S Corporation on line 28, box C(j) of the attached Schedule E in the amount of $925,566 as to Russo's Pharmacy and total income on line 22 of the Form 1040 in the amount of $1,085,527, whereas, as RUSSO then and there well knew and believed, he received income from Russo's Pharmacy and total income substantially greater than the reported amounts.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT ELEVEN
(Subscribing to a False Tax Return)

34.     The allegations contained in paragraphs one, two and eight through 13 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

35.     On or about March 14, 2017, within the Eastern District of New York and elsewhere, the defendant DANIEL E. RUSSO did willfully make and subscribe and did willfully aid, abet, assist and cause to be so made and subscribed a U.S. Income Tax Return for an S Corporation, Form 1120S, for Russo's Pharmacy for the tax year 2016, which was verified by a written declaration that it was made under penalty of perjury and was filed with the IRS, which tax return RUSSO did not believe to be true and correct as to one or more material matters, in that the return reported gross receipts and sales on line 1a in the amount of $6,876,355 and ordinary business income on line 21 in the amount of $840,272, whereas, as RUSSO then and there well knew and believed, Russo's Pharmacy received gross receipts and ordinary business income substantially greater than the reported amounts.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWELVE
(Subscribing to a False Tax Return)

36.     The allegations contained in paragraphs one, two and eight through 13 of this Indictment are realleged and incorporated as if fully set forth in this paragraph.

37.     On or about October 1, 2017, within the Eastern District of New York and elsewhere, the defendant DANIEL E. RUSSO did willfully make and subscribe and did willfully aid, abet, assist and cause to be so made and subscribed a U.S. Individual Income Tax Return, Form 1040, for the tax year 2016, which was verified by a written declaration

that it was made under penalty of perjury and was filed with the IRS, which tax return RUSSO did not believe to be true and correct as to one or more material matters, in that the return reported income from an S Corporation on line 28, boxes D(j) and F of the attached Schedule E and Continuation Statement in the amount of $840,272 as to Russo's Pharmacy and total income on line 22 of the Form 1040 in the amount of $1,009,646, whereas, as RUSSO then and there well knew and believed, he received income from Russo's Pharmacy and total income substantially greater than the reported amounts.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH THREE

38.     The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Three, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

39.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))


A TRUE BILL


_____
FOREPERSON


RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2016R00603/NY-NYE-759

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

### DANIEL E. RUSSO,

Defendant.

# INDICTMENT

(T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(C), 843(a)(1), 843(d)(1), 846, 853(a) and 853(p); T. 26, U.S.C., § 7206(1); T. 18, U.S.C., §§ 2 and 3551 et seq.)

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

**Nomi D. Berenson, Assistant U.S. Attorney (718) 254-6308**