UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,  :
: **MEMORANDUM AND ORDER**
-against-  : **20-cr-023(DLI)**
:
DANIEL E. RUSSO,  :
:
Defendant.  :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On January 11, 2021, the Government moved to revoke Defendant Daniel Russo's ("Defendant or Russo") bond and requested a permanent order of detention. *See*, Govt. Mot., Dkt. Entry No. 34. Russo opposed the motion. *See*, Def. Opp'n, Dkt. Entry No. 36. The Government replied. *See*, Govt. Reply, Dkt. Entry No. 38. For the reasons set forth below, the Government's motion is denied.

## BACKGROUND

Russo was the sole owner of Russo's Pharmacy located in Far Rockaway, New York. *See*, Indictment, Dkt. Entry No. 1 at 1. The pharmacy was registered with the Attorney General of the United States, and the Drug Enforcement Agency ("DEA") assigned him a registration number. *Id.* at 2. An indictment returned by a Grand Jury of this district, filed on January 17, 2020, charges Defendant with Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, Distribution of and Possession with Intent to Distribute Oxycodone, Distribution of Oxycodone by Pharmacist Without a Legitimate Prescription, and nine counts of Filing False Tax Returns in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), 841(a)(1) and 841(b)(1)(C), 843(a)(1) and 843(d)(1), and 26 U.S.C. §7206(1), respectively.

On January 23, 2020, Defendant was arraigned before the Honorable Cheryl L. Pollak, Chief U.S. Magistrate Judge, who set a bond of $1.5 million secured by the marital home and other

conditions, including that Russo surrender his DEA registration solely as to Schedule II and II N controlled substances. *See*, Govt. Mot., Exh. 3 - Bail Hearing Transcript, Dkt. Entry No. 34-3, at 9. Defendant did not have to surrender his DEA registration as to Schedule III, IV, and V controlled substances. *Id.* Defendant confirmed his understanding of this condition. *Id.* at 9-10. On January 23, 2020, Russo signed the DEA surrender form and surrendered his DEA registration for Schedule II and II N controlled substances. *See*, Govt. Mot. Exh. 2, Dkt. Entry No. 34-2.

The Government now asks the Court to revoke Russo's bond and remand him on the ground that he violated the condition that he not reapply for or possess a DEA registration for Schedule II and II N controlled substances. The Government claims that, as of July 2020, Russo's Pharmacy obtained a second DEA registration in the name of DHBP Corp. d/b/a Russo's Pharmacy for Schedule II and II N controlled substances. Govt. Mot. at 3. The Government further contends that, since September 2020, the new registrations have been used to obtain thousands of Schedule II controlled substances for the pharmacy to dispense. *Id.* The Government asserts that Russo still owns the pharmacy and continues to act as a pharmacist there. *Id.*

Defendant counters that he has not violated his bond condition because he sold the pharmacy to David Jarcaig's ("Jarcaig") company, DHBP Corp., on May 6, 2020. Def. Opp'n at 2. Jarcaig obtained the new DEA registration for Schedule II and II N controlled substances in July 2020, and it was Jarcaig, not Russo, who acquired those substances in September 2020. *Id.* at 2-3. Russo asserts that he: (1) does not work at the pharmacy; (2) is not involved in ordering or selling Schedule II substances; and (3) does not have access to them. *Id.* at 2.

Based on the evidence Russo provided of the sale, the Government now concedes that Russo sold the pharmacy, is no longer employed there, and the new owner obtained the DEA

registrations for Schedule II and II N controlled substances. Gov. Rep. at 2-3. Nevertheless, the Government maintains that Defendant violated his bond condition because Russo "attempted to circumvent th[e] condition by transferring ownership of the pharmacy to another individual who then obtained [] the two DEA registrations that the defendant is not permitted to have[.]" *Id.* at 3. The Government further maintains that Defendant "appear[s] to work at the pharmacy while it acquires and dispenses Schedule II controlled substances," which conduct is "deceptive" and "violates the terms of his release." *Id.*

## LEGAL STANDARD

The Court may revoke Russo's bond if it finds there is "clear and convincing evidence that [he] has violated any [] condition of release" and, based on the factors set forth in 18 U.S.C. § 3142(g), "there is no condition or combination of conditions of release that will assure that [Russo] will not flee or pose a danger to the safety of any other person or the community; or [Russo] is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1-2). "The clear and convincing evidence standard is somewhere between the preponderance of the evidence standard and the proof beyond a reasonable doubt standard." *Bastien v. William*, 2004 WL 2978283, at *4 (S.D.N.Y. Dec. 20, 2004) (citing *Addington v. Texas*, 441 U.S. 418, 431 (1979)). The Government's evidence must support the conclusion that Defendant violated his bond condition with "a high degree of certainty." *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985); *See also*, *Khalili v. Barr*, 2020 WL 1872357, at *3 (W.D.N.Y. Apr. 15, 2020) ("The clear-and-convincing burden of proof requires the government to prove that a factual contention is highly probable.") (internal quotation marks and citations omitted).

**DISCUSSION**

Here, the Government has not presented clear and convincing evidence that Russo obtained a new registration from the DEA for Schedule II and II N controlled substances or that he procured, distributed or sold such substances.

Defendant submitted evidence confirming that he sold his pharmacy to Jarcaig's company DHBP Corp. on May 6, 2020. Although not dated, the asset and purchase sale agreement is executed by Russo and Jarcaig. Def. Opp'n, Exh. 1, Dkt. Entry No. 36-1 at 20. Russo also included other documents signed and dated May 6, 2020 confirming the sale. *Id.* at 24-25, 29-32, 39-40, 41-44. Defendant notified Pretrial Services by email that an agreement for the sale of the pharmacy had been signed. *Id.* 1. Notably, the Government accepts this evidence as conclusive that Russo sold the pharmacy, is no longer employed there as a pharmacist, and the new owner obtained the DEA registrations for Schedule II and II N substances, not Russo. Gov. Rep. at 2-3.

As part of the sale, Russo executed power of attorney forms on May 6, 2020 granting Jarcaig and DHBP Corp. authority to obtain Schedule II substances in Russo's stead, even though Russo did not have DEA registration for those substances. Def. Opp'n, Dkt. Entry No. 36-1 at 35-38. While it is not clear whether Jarcaig knew that Russo no longer had the DEA registration for Schedule II substances, he was aware that Russo was under indictment when they completed the sale. *Id.,* at 9. Jarcaig obtained his own DEA registration for Schedule II substances in July 2020 and purchased those substances in September 2020. *Id.* at 3. The Government does not contend that Jarcaig procured Schedule II substances on Russo's behalf before Jarcaig obtained his own DEA registration.

The Government has presented insufficient evidence that Russo violated his bond condition. The Government relies primarily on the inconclusive observations of a law enforcement officer who visited the pharmacy on January 7, 2021. Govt. Reply at 2. The officer observed Russo make what "appeared" to be a curbside delivery of prescription medicine to a customer, although the Government concedes that it cannot prove the package contained Schedule II controlled substances. *Id.* Indeed, the Government cannot state with any certainty what the package contained. On January 8, 2021, a law enforcement agent photographed Russo standing behind the pharmacy counter. The agent claimed that Russo "appeared busy working in the pharmacy." *Id.* None of this is proof positive that defendant was involved in the sale of II and II N controlled substances.

The Government appears to interpret the conditions of defendant's bond broadly as prohibiting him from working in the pharmacy or in any pharmacy at all. However, a careful review of the transcript of the bond hearing reveals that such is not the case. *See, generally*, Bond Hearing Tr., attached as Exh. 3 to Govt. Mot. Indeed, Russo did not have to surrender his DEA registration for Schedule III, IV and V substances. Significantly, at no time did the government request that defendant be prohibited from acting as a pharmacist at all. To the extent that the government claims that the sale of the pharmacy constitutes a violation of Defendant's bond conditions, that claim too must fail as there is nothing in the bond hearing transcript prohibiting defendant from selling the pharmacy. Moreover, the Government has failed to provide proof that the sale was a sham.

The Government also claims Defendant violated the conditions of his bond because he did not comply with a regulation governing the discontinuation and transfer of his pharmacy. *See*, 21 C.F.R. 1301.52(d) (at least fourteen days in advance of the transfer, registrant must mail to the

5

Special Agent in Charge of his area certain categories of information); Govt. Mot. at 3. The Government has not filed any additional criminal charges based on this alleged failure to comply with a regulation and the Court finds it insufficient grounds for the revocation of Defendant's bond.

## **CONCLUSION**

For the reasons set forth above, the Court finds that the Government has not presented "clear and convincing evidence" that Russo violated his bond condition with "a high degree of certainty." Accordingly, the motion to revoke Russo's bond and to remand him is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 29, 2021

/s/
DORA L. IRIZARRY
United States District Judge