UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　**MEMORANDUM AND ORDER**
　　　　　　　　-against-　　　　　　　　　　　　:　　**20-cr-023 (DLI)**
　　　　　　　　　　　　　　　　　　　　　　　　:
DANIEL E. RUSSO,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Defendant.　　　　:
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On November 30, 2020, Daniel E. Russo ("Defendant") moved to dismiss as duplicitous and untimely Count One of the Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. *See*, Def.'s Mot. ("Mot."), Dkt. Entry No. 31-1 at 11-18. Defendant also seeks a bill of particulars. *Id.* at 18-20. The Government opposed Defendant's motions. *See*, Govt. Opp'n ("Opp'n"), Dkt. Entry No. 32. Defendant replied. *See*, Def.'s Reply. ("Reply."), Dkt. Entry No. 37. For the reasons set forth below, Defendant's motions are denied.

## BACKGROUND

Familiarity with the facts and procedural history of this case is presumed and only those facts relevant to the disposition of the motions are repeated herein. On January 17, 2020, a grand jury of this district returned an indictment charging Defendant with Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone ("Count One"), Distribution of and Possession with Intent to Distribute Oxycodone ("Count Two"), Distribution of Oxycodone by a Pharmacist Without a Legitimate Prescription ("Count Three"), and nine counts of Subscribing to False Tax Returns in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), 841(a)(1) and 841(b)(1)(C), 843(a)(1) and 843(d)(1), and 26 U.S.C. §7206(1), respectively. *See*, Indictment, Dkt. Entry No. 1 at 4-12.

With respect to Counts One through Three, the drug related offenses, Defendant's conduct

allegedly occurred "[i]n or about and between March 2011 and June 2014, both dates being approximate and inclusive[.]" *Id.* ¶¶ 15, 17, 19. The parties executed tolling agreements, which tolled the five-year statute of limitations for these counts from March 22, 2017 through October 31, 2017. *See*, Exhibits 2-3 to Mot., Dkt. Entry No. 31-2, at 36-41.

Pursuant to Federal Rule of Criminal Procedure 16, the parties have participated in pretrial discovery. *See*, Dkt. Entry Nos. 12, 18, 20, 22, 24-25, 28-29. The Government has produced to Defendant, among other documents, thousands of allegedly fraudulent oxycodone prescriptions that Defendant filled at his pharmacy as evidence of Counts One through Three. Mot. at 7-8. Upon review of these documents, Defendant found that the prescriptions were written by more than a dozen medical professionals. *Id.* at 8. These included Drs. John Joseph, Robert Terdiman, Rogelio Lucas, Benjamin Bernstein, Firas Barakat, and Joan Lehach, and Nurse Practitioners ("NPs") Rools Deslouches and Ingrid Gordon-Patterson. *Id.* Defendant asserts that he last filled oxycodone prescriptions for Drs. Joseph and Bernstein and NP Deslouches in 2012, Drs. Terdiman and Lucas in 2013, and NP Gordon-Patterson in May 2014. *Id.* at 9-10, 17. Defendant also states that he filled oxycodone prescriptions for Drs. Barakat and Lehach in June 2014. *Id.* at 10, 18.

Defendant moves to dismiss Count One of the Indictment as duplicitous and untimely. Defendant argues that this count impermissibly joins multiple, distinct conspiracies. *Id.* at 9, 15-18. Specifically, Defendant maintains that the evidence reveals conspiracies between Defendant and each individual prescriber of oxycodone but does not establish a connection or dependency among the conspiracies. *Id.* Moreover, nearly all the conspiracies are time barred. *Id.* at 17-18. According to Defendant, even considering the parties' tolling agreements, the only conspiracies that arguably fall within the five-year limitations period are those between Defendant and Dr. Barakat and Defendant and Dr. Lehach. *Id.* at 18. Defendant claims that the Government

combined the unrelated conspiracies into a single conspiracy charge in Count One to prosecute Defendant for crimes that are time barred. *Id.* at 3, 18. Therefore, Count One should be dismissed as duplicitous and untimely.

The Government counters that Count One charges only one conspiracy and Defendant's duplicity argument is premature because whether the evidence reveals a single conspiracy or multiple conspiracies is a question of fact for the jury to decide. Opp'n at 5-6, 12-13. The Government further argues that, if Count One impermissibly charges separate and potentially time barred conspiracies, Defendant may seek to exclude the Government's evidence for the time barred conspiracies at trial or request a jury instruction regarding the statute of limitations. *Id.* at 12.[1] Defendant replies that the Court may consider the issue of single versus multiple conspiracies pretrial when, as here, a duplicitous charge prejudices a defendant and reiterates that the evidence does not reflect a singular conspiracy, but rather multiple independent and time barred conspiracies. Rep. at 2-6.

Defendant also moves for a bill of particulars contending that the Indictment omits critical information necessary for him to prepare his defense. Mot. at 18. Defendant requests five categories of information: (1) the identity of "every individual or entity that the government contends are co-conspirators—including any purported unindicted co-conspirators, cooperating witnesses, and/or confidential sources[]" with respect to Count One; (2) a specification of "any connection/relationship between [Defendant] and the alleged co-conspirators establishing Count One as a single conspiracy as opposed to multiple conspiracies[;]" (3) a specification of "when in March 2011 the conspiracy allegedly started and when in June 2014 it ended[;]" (4) from among

---

[1] The Government separately argues that, if the evidence reveals Defendant's participation in multiple independent conspiracies, he cannot show "spillover prejudice." Opp'n at 11. However, Defendant neither raised nor asserted spillover prejudice in his motion to dismiss Count One. Therefore, the Court need not consider this argument.

the oxycodone prescriptions produced by the Government, the identification of the specific oxycodone prescriptions that form the basis for the allegations in Counts One through Three; (5) and production of *Brady* materials. *See*, Ex. 5 to Mot., Dkt. Entry No. 31-2 at 46-47. The Government opposes Defendant's request maintaining that the Indictment, the Government's argument at Defendant's initial court appearance, and the materials it has produced in discovery have informed Defendant adequately of the nature of the charges. Opp'n at 18. Defendant did not reply to the Government's argument.

## LEGAL STANDARDS

### I. Motion to Dismiss Count One of Indictment

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(i), a defendant may move to dismiss an indictment for various defects, including "joining two or more offenses in the same count (duplicity)." Fed. R. Crim. P. 12(b)(3)(B)(i). An "indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be a separate count for each offense, and 2) the defendant is prejudiced thereby." *United States v. Vilar*, 729 F.3d 62, 79 (2d Cir. 2013) (quoting *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001) (internal quotation marks omitted)).

"A motion to dismiss an indictment must satisfy a high standard." *United States v. Brooks*, 2009 WL 3644122, at *2 (E.D.N.Y. Oct. 27, 2009) (citation and internal quotations omitted). This is because "[a]n indictment . . . need not be perfect, and common sense and reason are more important than technicalities." *United States v. Bustos de la Pava*, 268 F.3d 157, 162 (2d Cir. 2001) (citation omitted). A court must "accept[] the facts alleged in the indictment as true and determine[] only whether the indictment is 'valid on its face.'" *Brooks*, 2009 WL 3644122, at *2 (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)).

The United States Supreme Court has held that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted); *See also*, *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) ("[A]n indictment must charge[] a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events.") (internal quotations and citation omitted). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as [they] . . . fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling*, 418 U.S. at 117-18 (citations and internal quotations omitted). "Essentially, the indictment must . . . be a plain, concise, and definite written statement of the essential facts constituting the offense charged." *Brooks*, 2009 WL 3644122, at *2 (citing Fed. R. Crim. P. 7(c)(1)).

## II. Motion for Bill of Particulars

The purpose of a bill of particulars is to provide a defendant with information concerning the details of the charges against him, if necessary to: (1) prepare for trial, (2) avoid prejudicial surprise at trial, or (3) preclude a second prosecution for the same defense. *See*, *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007) (citations omitted). A bill of particulars is required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (internal quotations and citation omitted). The applicable standard for whether a bill of particulars should issue is not whether the information sought would be helpful to the defense, but

5

whether it is necessary. *United States v. Love*, 859 F. Supp. 725, 738 (S.D.N.Y.1994). Moreover, "[a] bill of particulars is not required where the information sought by the defendant has been made available in alternative forms." *United States v. Kelly*, 91 F. Supp.2d 580, 583-84 (S.D.N.Y. 2000) (citations omitted). Whether to grant a bill of particulars generally is a decision entrusted to the sound discretion of the district court. *United States v. Ramirez*, 609 F.3d 495, 502 (2d Cir. 2010).

## DISCUSSION

### I. Motion to Dismiss Count One of the Indictment

#### A. Duplicity

"[A]n indictment is duplicitous if it includes multiple crimes in one count, but not if it includes in that count multiple ways of committing a single offense." *United States v. Daugerdas*, 837 F.3d 212, 225 (2d Cir. 2016). "[A]cts that could be charged as separate counts of an indictment may [] be charged in a single count if those acts could be characterized as part of a single continuing scheme." *Vilar*, 729 F.3d at 79 (quoting *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006) (internal quotation marks omitted)). "[A] conspiracy indictment presents unique issues in the duplicity analysis because a single agreement may encompass multiple illegal objects." *United States v. Peters*, 543 F. App'x 5, 7 (2d Cir. 2013) (quoting *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992) (internal quotation marks omitted)).

"[A] single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.'" *United States v. Williams*, 705 F.2d 603, 624 (2d Cir. 1983) (quoting *Braverman v. United States*, 317 U.S. 49, 54 (1942) (citation omitted)). "Whether the government has proven the existence of the conspiracy charged in the indictment [or] several independent conspiracies is a question of fact for a properly

instructed jury." *United States v. Johansen*, 56 F.3d 347, 350 (2d Cir. 1995) (citations omitted). Applying this principle, courts repeatedly have denied pretrial motions to dismiss conspiracy counts as duplicitous. *See*, *United States v. Nachamie*, 101 F. Supp.2d 134, 153 (S.D.N.Y. 2000) (collecting cases).

Count One of the Indictment alleges a single conspiracy among Defendant and others to distribute and possess with intent to distribute oxycodone. Indictment ¶¶ 14-15. The Court cannot determine pretrial whether the Government successfully will prove a single conspiracy or multiple independent conspiracies. As the Second Circuit has made clear, this is a question of fact for the jury to decide. *Johansen*, 56 F.3d at 350; *Aracri*, 968 F.2d at 1519; *See also*, *United States v. Szur*, 1998 WL 132942, at *11 (S.D.N.Y. Mar. 20, 1998) ("[S]ince the Indictment on its face sufficiently alleges a single conspiracy, the question of whether a single [conspiracy] or multiple conspiracies exist is a question for the jury and is not a basis to dismiss the conspiracy count."). Accordingly, Defendant's motion to dismiss Count One as duplicitous is denied.

### B. Statute of Limitations

The Government must charge a narcotics conspiracy within five years after it was committed. *See*, *United States v. Calvente*, 2013 WL 4038952, at *2 (S.D.N.Y. July 26, 2013) (citing 18 U.S.C. § 3282(a)). Conspiracy is a "continuing offense . . . that involves a prolonged course of conduct; its commission is not complete until the conduct has run its course." *United States v. Payne*, 591 F.3d 46, 69 (2d Cir. 2010) (citing *Toussie v. United States*, 397 U.S. 112, 115, 120-21 (1970)). "[C]onspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has been terminated[,] and its members continue to be conspirators until there has been an affirmative showing that they have withdrawn." *Calvente*, 2013 WL 4038952, at *2 (quoting *United States v.*

*Spero*, 331 F.3d 547, 60 (2d Cir. 2003)). The Government does not need to specify any overt acts in a narcotics conspiracy charge. *See*, *United States v. Bermudez*, 526 F.2d 89, 94 (2d Cir. 1975).

Count One provides that the conspiracy occurred "in or about and between March 2011 and June 2014, both dates being approximate and inclusive." Indictment ¶ 15. The parties' tolling agreements tolled the limitations period for this count from March 22, 2017 through October 31, 2017. Exhibits 2-3 to Mot. at 36-41. The Government ultimately filed the Indictment on January 17, 2020. As the Government did not provide a specific end date for the conspiracy, the Court cannot determine from the Indictment if the Government timely filed Count One.

The Government must prove at trial that Defendant's conspiracy occurred within the five-year limitations period. *See*, *Calvente*, 2013 WL 4038952, at *2. "If the government fails in its proof relevant to the statute of limitations, or the facts are disputable, the issue is one to be resolved under Fed. R. Crim. P. 29, or by the jury[.]" *United States v. Principato*, 2002 WL 31319931, at *2 (S.D.N.Y. Oct. 16, 2002) (citation omitted). The Government also properly notes that if the evidence reveals multiple time barred conspiracies, Defendant may seek "exclusion of evidence relating to [untimely conspiracies] or an instruction to the jury not to consider [evidence of untimely conspiracies] as direct evidence of the charged conspiracy." *United States v. Richardson*, 532 F.3d 1279, 1293 (11th Cir. 2008). Therefore, Defendant's motion to dismiss Count One is denied without prejudice as untimely.

## II. Motion for Bill of Particulars

### A. Timeliness

Defendant's motion for a bill of particulars is untimely. "The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the Court permits." Fed. R. Crim. P. 7(f). Defendant was arraigned on January 23, 2020 and moved for a bill of

8

particulars on November 30, 2020, more than ten months later. *See*, Dkt. Entry No. 4. The Court did not grant Defendant permission to move for a bill of particulars at a later time. Accordingly, Defendant's motion is denied as untimely. *See*, *United States v. Kozel*, 2020 WL 4751498, at *3 (S.D.N.Y. Aug. 17, 2020). Nonetheless, the Court considers its merits.

The Court rejects Defendant's assertion that the Indictment is insufficient because it tracks the statutory language and does not provide any information about how Defendant and the co-conspirators violated the law. Mot. at 18. "An indictment under § 846 'need only allege the existence of a narcotics conspiracy, a relevant time frame, and the statute alleged to be violated.'" *United States v. Logan*, 845 F. Supp.2d 499, 515 (E.D.N.Y. 2012) (quoting *United States v. Macklin*, 927 F.2d 1272, 1276 (2d Cir. 1991) (citations omitted)). The Indictment satisfies these requirements and informs Defendant adequately of the charges against him. Indictment ¶¶ 14-15.

### B. **Defendant's Individual Requests**

#### (1) **Identities of Co-Conspirators, Witnesses and Confidential Sources**

The Government is not required to identify alleged co-conspirators in a bill of particulars. *See*, *United States v. Gotti*, 784 F. Supp. 1017, 1018 (E.D.N.Y. 1992) ("The appellate case law is clear that the refusal of a district court to direct the filing of a bill of particulars as to the names of unindicted coconspirators is not an abuse of discretion."). Notably, Defendant has identified co-conspirators in his review of the oxycodone prescriptions the Government produced. Mot. at 8-9.

"There [also] is no requirement that the Government disclose the identity of its witnesses before trial, absent 'a *specific* showing [by defendant] that disclosure [is] both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case.'" *United States v. Lorenzano*, 2005 WL 975980, at *4 (S.D.N.Y. Apr. 26, 2005) (quoting *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975)); *See also*, *United States v. Alessi*, 638 F.2d

466, 481 (2d Cir. 1980) ("[T]he prosecution [is] under no obligation to give [a defendant] advance warning of the witnesses who [will] testify against him."). "The Government is not required to produce the names of any witnesses . . . this far in advance of trial in the absence of any particularized showing of need by the defense." *Lorenzano*, 2005 WL 975980 at *4 (citing *United States v. Yu*, 1994 WL 414352, at *2 (S.D.N.Y. Aug. 8, 1994)). "The burden is on the [Defendant] to make some particularized showing of need, beyond the obvious assertion that such a list would facilitate preparation for trial." *United States v. Minaya*, 2012 WL 1711569, at *3 (S.D.N.Y. May 14, 2012) (internal quotations and citation omitted). While Defendant argues that the identities of the Government's witnesses will help him prepare a defense, he has not made a particularized showing of need for this information. Mot. at 18.

"[D]isclosure of the identity [] of a confidential informant is not required unless the informant's testimony is shown to be material to the defense." *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988) (citations omitted). "The defendant bears the burden of establishing the need for disclosure, and this requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial." *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983) (internal citation omitted) (citing *Roviaro v. United States,* 353 U.S. 53, 60-61 (1957)). Defendant has not established any need for the identities of the Government's confidential sources.

For these reasons, Defendant's request for the identities of co-conspirators and the Government's witnesses and confidential sources is denied.

### (2) Connection Between Defendant and Co-Conspirators

As discussed above, the Government is not required to disclose the identities of the co-conspirators. The Court also cannot compel the Government to disclose in a bill of particulars "the manner in which it will attempt to prove the charges, the precise manner in which [Defendant]

committed the crime charged, or to give a preview of its evidence and legal theories, lest [Defendant] tailor his testimony to explain away the [g]overnment's case." *United States v. Barret*, 2011 WL 13175738, at *6 (E.D.N.Y. Dec. 27, 2011) (internal quotation marks and citations omitted). Thus, Defendant's request that the Government specify any connection between Defendant and the alleged co-conspirators establishing Count One as a single conspiracy is denied.

### (3) Timing of the Conspiracy

Courts routinely have denied requests for bills of particulars concerning the "wheres, whens and with whoms" of the crime charged. *United States v. Chen*, 2007 WL 2244213, at *10 (S.D.N.Y. Aug. 1, 2007) (collecting cases). Here, the Indictment provides an approximate time frame for the conspiracy by month and year, which is sufficient. Indictment ¶ 15. The Government does not need to disclose in a bill of particulars the exact dates when the conspiracy began and ended. *See*, *United States v. Parris*, 2014 WL 2745332, at *5 (S.D.N.Y. June 17, 2014); *United States v. Kazarian*, 2012 WL 1810214, at *26 (S.D.N.Y. May 18, 2012). Accordingly, Defendant's request for the Government to specify these dates is denied.

### (4) Identification of Oxycodone Prescriptions

The Government does not fulfill its discovery obligations "by providing mountains of documents to defense counsel who [is] left unguided" regarding their relevance to the charges. *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir.1987). "Following *Bortnovsky*, several courts have concluded [that] a bill of particulars is called for in cases involving both large document productions and a lack of guidance from the Government as to the significance of the documents to the charges." *United States v. Johnson*, 2017 WL 11490480, at *6 (E.D.N.Y. May 24, 2017) (collecting cases).

While the Government's production of thousands of oxycodone prescriptions is

voluminous, the Government also provided Defendant guidance as to the significance of these documents. The Government specified the time frame for the conspiracy in the Indictment and produced prescriptions that Defendant filled during this period as evidence of his participation in the conspiracy. The Government also identified prescriptions of interest and defense counsel has reviewed these documents. Mot. at 8; Opp'n at 5. The Government is not required to identify the specific prescriptions that it will use as evidence of Counts One through Three. *See*, *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) ("Acquisition of evidentiary detail is not the function of the bill of particulars.") (citation omitted). Therefore, Defendant's request is denied.

### (5) **Brady Materials**

"[T]he Government has a constitutional duty [under *Brady*] to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or punishment." *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). "Favorable evidence includes not only evidence that tends to exculpate the accused, but also evidence that is useful to impeach the credibility of a government witness." *Id.* (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa*, 267 F.3d at 146. Instead, the Government must disclose such material "in time for its effective use at trial or at a plea proceeding[.]" *Id.*

Defendant's requests for *Brady* and *Giglio* material are premature as the Court has not set a trial date. *See*, *United States v. Messina*, 2012 WL 463973, at *12 (E.D.N.Y. Feb. 13, 2012). Furthermore, "pre-trial motions for discovery pursuant to *Brady* should be denied when the Government has made a good faith representation to the Court and defense counsel that it recognizes and has complied with its *Brady* disclosure obligations." *United States v. Cook*, 348 F.

12

Supp.2d 22, 30 (S.D.N.Y. 2004) (citing cases). The Government has made this representation here. Moreover, on January 21, 2021, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020) this Court issued a Disclosure Order to confirm the prosecution's continuing disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations. *See*, Dkt. Entry No. 12 at 3; Dkt. Entry No. 35. Accordingly, Defendant's request is denied.

## **CONCLUSION**

For the reasons set forth above, Defendant's motions to dismiss Count One of the Indictment and for a bill of particulars are denied.

SO ORDERED.

Dated: Brooklyn, New York
April 30, 2021

/s/
DORA L. IRIZARRY
United States District Judge